UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Darius Mills,

    Plaintiff,

      v.

District of Columbia Department of
Mental Health Saint Elizabeths Hospital
Managers *et al.*,

    Defendants.

Civil Action No. 10-0648 (JDB)

## MEMORANDUM OPINION

In this action filed *pro se*, plaintiff alleges that he was deprived of due process during his employment with the District of Columbia's Department of Mental Health and was unlawfully terminated. He also claims that he was subject to workplace harassment, retaliation and defamation. Plaintiff sues "managers" of St. Elizabeths Hospital, namely, Chief Executive Officer Patrick J. Canavan, Director of Civil Programs Clotilde Vidoni-Clark, Human Resources Supervisor Jim Gallo, Chief of Staff Beth Gouse and Employee Relations Specialist Paula Little. Compl. Caption. Through his prolix complaint, he seeks injunctive relief, compensatory damages exceeding $1.5 million and punitive damages. Compl. at 59.

Pending before the Court are Paula Little's Motion to Dismiss [Dkt. # 8] and the remaining defendants' motion to dismiss [Dkt. # 5], each brought pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Upon consideration of the parties' submissions, and for the reasons explained below, the Court finds that plaintiff has failed to state a federal claim and the Court declines to exercise supplemental jurisdiction over any non-federal claims. Hence, the Court will grant defendants' motions to dismiss.

## BACKGROUND

Plaintiff was hired on April 28, 2008, as a clinical administrator at St. Elizabeths. *See* Compl. Attach. (Charge of Discrimination). He received an annual performance evaluation on December 23, 2009. Compl. at 2, 8. By letter dated January 5, 2010, defendant fired plaintiff effective January 22, 2010, and informed him that "appointments to the Management Supervisory Service are at-will; therefore this termination action is neither grievable nor appealable." Supp'l Attach. [Dkt. No. 14-1, pp. 3-4].[1] On March 15, 2010, plaintiff lodged the above-referenced charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") on the bases of race and retaliation. The EEOC closed plaintiff's file on March 26, 2010, "[b]ased upon its investigation . . . that [it was] unable to conclude that the information obtained establishes violations of [Title VII of the Civil Rights Act]." *Id*. (Dismissal and Notice of Rights). The EEOC informed plaintiff of his right to file a lawsuit within 90 days of his receipt of the notice. Plaintiff then filed this action on April 27, 2010.

In a confusing 60-page complaint, plaintiff sets forth the following three counts.

    I. Retaliation against Mills via written Disciplinary Action for complaining about harassment by an employee under Civil Programs. *Id*. at 4.

    II. Defamation of Character (Libel) by making unfounded negative claims in Mills' ePerformance Evaluation and DC Government Wide Permanent Official Personnel - Employee Record and then denying Mills his Rights to Due Process as indicated in a.) the DC Human Resources Performance Management Manual, b.) on line FAQs page, c.) the District Personnel Manual Issuance System DPM Instruction No. 14-19 O.P. Form 279 (99), d.) an Employees Guide to the DC Govt. Use of ePerformance, and e.) the electronic on line DC Dept. of Human Resources' revised 6-1-08 page 'The Steps in the FY 2009 ePerformance Evaluation Phase[']. *Id*. at 8.

---

[1] On November 22, 2010, plaintiff was ordered to file numerous exhibits and other supporting materials that he had indicated were attached to the complaint but were not. Those attachments, filed on November 30, 2010, appear on the docket as "Supplemental Memorandum."

> III. Wrongful Termination in retaliation for being perceived by Vidoni-Clark as a 'Whistle Blower' about a.) Chapter VII Civil Rights Violations (ie.[sic] harassment of Mills by another employee under civil programs and the retaliation against Mills by way of disciplinary action). Also, b.) Mills unintentionally and unknowingly exposing St. Elizabeths Hospital Violation of the Department of Justice orders to discontinue long term use of Benzodiazapines as a chemical restraint in consumers who do not have a Diagnosis to support that use as set forth by DOJ., & c.) Mills' prevention of 'safety violation'/discharge of consumer not ready for the community." *Id*. at 26-27.

Plaintiff further claims that he was denied his "employee right to due process in meeting to review and challenge said performance evaluation prior to [its] posting on [the] City Wide District Government Human Resource Peoplesoft site as part of [his] official and permanent electronic employee file." Compl. at 36.

**LEGAL STANDARD**

All that the Federal Rules of Civil Procedure require of a complaint is that it contain " 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.' " *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)); *accord Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam). Although "detailed factual allegations" are not necessary to withstand a Rule 12(b)(6) motion to dismiss, to provide the "grounds" of "entitle[ment] to relief," a plaintiff must furnish "more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555-56; *see also Papasan v. Allain*, 478 U.S. 265, 286 (1986). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Ashcroft v. Iqbal*, 556 U.S. ----, 129 S.Ct. 1937, 1949 (2009) (quoting *Twombly*, 550 U.S. at 570); *Atherton v. District of Columbia Office of the Mayor*, 567 F.3d 672, 681 (D.C. Cir. 2009). A complaint is plausible on its face "when the plaintiff pleads

3

factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S.Ct. at 1949. This amounts to a "two-pronged approach" under which a court first identifies the factual allegations entitled to an assumption of truth and then determines "whether they plausibly give rise to an entitlement to relief." *Id*. at 1950-51.

The notice pleading rules are not meant to impose a great burden on a plaintiff. *Dura Pharm., Inc. v. Broudo*, 544 U.S. 336, 347 (2005); *see also Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512-13 (2002). When the sufficiency of a complaint is challenged by a motion to dismiss under Rule 12(b)(6), the plaintiff's factual allegations must be presumed true and should be liberally construed in his or her favor. *Leatherman v. Tarrant Cnty. Narcotics & Coordination Unit*, 507 U.S. 163, 164 (1993); *Phillips v. Bureau of Prisons*, 591 F.2d 966, 968 (D.C. Cir. 1979); *see also Erickson*, 551 U.S. at 94 (citing *Twombly*, 550 U.S. at 555-56). The plaintiff must be given every favorable inference that may be drawn from the allegations of fact. *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974); *Sparrow v. United Air Lines, Inc.*, 216 F.3d 1111, 1113 (D.C. Cir. 2000). However, "the court need not accept inferences drawn by plaintiffs if such inferences are unsupported by the facts set out in the complaint." *Kowal v. MCI Commc'ns Corp.*, 16 F.3d 1271, 1276 (D.C. Cir. 1994). Nor does the court accept "a legal conclusion couched as a factual allegation," or "naked assertions [of unlawful misconduct] devoid of further factual enhancement." *Iqbal*, 129 S.Ct. at 1949-50 (internal quotation marks omitted); *see also Aktieselskabet AF 21. November 21 v. Fame Jeans Inc.*, 525 F.3d 8, 17 n.4 (D.C. Cir. 2008) (explaining that the court has "never accepted legal conclusions cast in the form of factual allegations").

**DISCUSSION**

As an initial matter, plaintiff has attached to the complaint his charge of race discrimination and retaliation filed with the EEOC but he has not alleged in the complaint that defendants' conduct was motivated by his membership in a class protected by Title VII, nor has he stated any facts along those lines. *See Stella v Mineta*, 384 F.3d 135, 145 (D.C. Cir. 2002) ("[T]o state a prima facie claim of discrimination [a plaintiff must establish] that: '(1) []he is a member of a protected class . . . .' ") (quoting *Brown v. Brody*, 199 F.3d 446, 452 (D.C. Cir. 1999)). Hence, the Court assumes that no Title VII claim was intended but if this assumption is incorrect, it finds that plaintiff has failed to state a claim under Title VII.

As for the federal claim that is before the Court, the Fifth Amendment's due process clause precludes the government from depriving individuals of life, liberty or property without due process of law. U.S. Const. amend. V. It is undisputed that as a Management Supervisory Service appointee, plaintiff was an at-will employee.[2] *See Ekwem v. Fenty*, 666 F. Supp. 2d 71, 78 (D.D.C. 2009) "(Plaintiff is a member of the Management Supervisory Service, and thus, under D.C. law, he holds an 'at-will appointment.'") (citing D.C. Code § 1-609.54(1)). As a general rule, an at-will employee "may be discharged 'at any time and for any reason, or for no

---

[2] Given this agreement, defendants' argument for dismissal on the ground that plaintiff failed to exhaust administrative remedies under the Comprehensive Merit Personnel Act ("CMPA"), D.C. Code §§ 1-601.01 *et seq.*, seems misplaced. *See Ekwem*, 666 F. Supp. 2d at 78 (explaining that "Management Supervisory Service members are specifically excluded from the Career Service, D.C. Code § 1-608.01(a), and thus are not protected by the CMPA. . . . Thus, § 1-616.51, which protects Career Service employees . . ., does not apply to plaintiff.") (citing *Fonville v. District of Columbia*, 448 F. Supp. 2d 21, 26-27 (D.D.C. 2006)); *but see Holman v. Williams*, 436 F. Supp. 2d 68, 75-76 & n.4 (D.D.C. 2006) (suggesting that the CMPA applies to at-will employees except as to "pre-termination procedural protections" and wrongful termination claims "because the statute offers no administrative recourse to at-will employees for claims related to their termination.").

reason at all,' " *Liberatore v. Melville Corp.*, 168 F.3d 1326, 1329 (D.C. Cir. 1999) (citations omitted), and hence has no protected property interest triggering due process concerns, *see Ekwem*, 666 F. Supp. 2d at 78 (determining that at-will employee "has no property interest in his continued employment"); *Hoey v. District of Columbia*, 540 F. Supp. 2d 218, 226 (D.D.C. 2008) ("If [Hoey] is not covered by the CMPA and is instead an at-will employee, then his demotion to the rank of Captain would trigger no due process property interest and he would have no cause of action pursuant to 42 U.S.C. § 1983."). Moreover, as a general rule, "persons whose future employment prospects have been impaired by government defamation 'lack . . . any constitutional protection for the [liberty] interest in reputation.' " *Ekwem*, 666 F. Supp. 2d at 77 (quoting *Trifax Corp. v. District of Columbia*, 314 F.3d 641, 643 (D.C. Cir. 2003)) (other citation omitted).[3]

Under a " 'very narrow' public policy exception to the District of Columbia's at-will employment doctrine," *Warren v. Coastal Intern. Sec., Inc.*, 96 Fed. Appx. 722 (D. C. Cir. 2004) (quoting *Adams v. George W. Cochran & Co.*, 597 A.2d 28, 34 (D.C. 1991)), an at-will employee may sue for wrongful termination if the sole reason for the termination is the "employee's refusal to violate the law, as expressed in a statute or municipal regulation," *Adams,* 597 A.2d at 34, or if the circumstances surrounding the termination "constitute grounds for a public policy exception

---

[3] Plaintiff's defamation claim arises from the alleged electronic release of his performance evaluation, which is not alleged to have been the reason for his termination. *See* Compl. (Count II) & p. 36); *id* at 3 (stating that the termination was "under the guise of being riffed . . . based on budget contraints"). Hence, no basis exists for pondering whether plaintiff could show the deprivation of a liberty interest based on a defamation plus theory. *See Mosrie v. Barry*, 718 F.2d 1151, 1161 (D.C. Cir. 1983) ("For a defamation to give rise to a right to procedural due process, it is necessary . . . that the defamation be accompanied by a discharge from government employment or at least a demotion in rank and pay."); *accord Hoey*, 540 F. Supp. 2d at 230 n.6.

if 'solidly based on a statute or regulation that reflects the particular public policy to be applied.' " *Liberatore*, 168 F.3d at 1331 (citation omitted); *see Carl v. Children's Hosp.*, 702 A.2d 159, 159-60 (D.C. 1997) (suggesting that a public policy expansion "include the rights of employees to speak out publicly on issues affecting the public interest without fear of retaliation by their employers."). Plaintiff alleges that he was "wrongfully terminat[ed] [] on January 5, 2010 under the guise of being riffed as an 'At Will' employee based on budget constraints while [he] was more tenured in his post than 5 other 'Clinical Administrators' hired after [him]." Compl. at 3. He claims that his termination was really in retaliation for two alleged whistleblower acts.

First, plaintiff claims that he was "an *unintentional* 'Whistle Blower' by *inadvertently* leaving a paper trail via an email dated 3-29-09" concerning defendant's alleged non-compliance with Department of Justice "high-risk medication[]" mandates that should have been satisfied in 2008. *Id*. at 30 (emphases suppled). He alleges that "per Dr. Vidoni-Clark's Office, Mills was to inform attending psychiatrists at RMB3 and RMB4 to stop long term treatment with Benzos to consumers with learning disabilities while both psychiatrists at those units were recently placed there and had inherited medication regimens . . . ." *Id*. Plaintiff concludes that "its [sic] clear that [the] email illuminated the immediate attempt by Vidoni-Clark's office to present a 'compliant face' for DOJ while DOJ's reviews exposed and then condemned the practice of the hospital in its subsequent report as the December 14th, 2009 letter states." *Id*. at 31.

Second, plaintiff claims that he was terminated "for being an internal 'Whistle Blower' in the case of a pending inappropriate consumer discharge." *Id*. He alleges that in an e-mail to Vidoni-Clark dated August 4, 2009, he conveyed his belief that an individual on a discharge list "was psychiatrically inappropriate for release to the community." *Id*. at 32. Plaintiff alleges

7

further that Vidoni-Clark ignored his report and kept the individual on the discharge list. *Id*. On November 5, 2009, while Vidoni-Clark was away on medical leave, plaintiff was contacted by "the hospital 'Gate Keeper' . . . for discharging consumers to the community," and conveyed his position that the individual posed a danger to the community; as a result, the individual was removed from the discharge ready list. *Id*. at 32-33. Plaintiff concludes that "it was reported by Deputy Director Sue Sepehri [via] email 11-6-09 . . . that Vidoni-Clark presided weekly over the [discharge ready list] which made it clear that [she] had been negligent and had ignored my reports to her . . . regarding this consumer's mental status as communicated to me per his attending psychiatrist." *Id*. at 33.

Plaintiff does not allege that he was terminated for refusing to violate the law. Moreover, the foregoing circumstances, which reflect nothing more than plaintiff's discord with his supervisor, do not support applying the expanded public policy exception to plaintiff's termination. *See Chisholm v. District of Columbia*, 666 F. Supp. 2d 96, 116 (D.D.C. 2009) (discussing the "few factual circumstances" where the public policy exception has been applied) (citations omitted). Plaintiff admits that he did not intend to disclose any wrongdoing to his superiors, the authorities, or the public at large, *see id*., and he has not shown that his e-mails resulted in any such disclosures. Indeed, plaintiff acknowledges that it was "DOJ's reviews" – not his communications -- that allegedly "exposed and then condemned the [hospital's] practice in its subsequent report[.]" Compl. at 31. Hence, the narrow public policy exception to the District's at-will employment doctrine does not apply here, and plaintiff therefore has no protected interest in his employment.

## CONCLUSION

In the absence of a property or liberty interest in plaintiff's continued employment, the Court concludes that plaintiff has stated no claim under the due process clause and, pursuant to 28 U.S.C. § 1367, it declines to exercise supplemental jurisdiction over any common law or local law claims. Hence, the Court grants defendants' motions to dismiss under Rule 12(b)(6). A separate final order accompanies this Memorandum Opinion.

                                                                            s/
                                                 JOHN D. BATES
                                       United States District Judge

Dated: December 21, 2010